UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES OLIVER NORRIS,

        Petitioner,                            Case Number: 04-72176

v.                                               HON. LAWRENCE P. ZATKOFF

BLAINE C. LAFLER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR
STAY OF PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

Petitioner James Oliver Norris, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his 1997 armed robbery conviction. Now before the Court is Petitioner's Motion for Stay of Proceedings.

**I.**

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of armed robbery. On April 2, 1997, he was sentenced to fifteen to twenty-five years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claim:

> Appellant's armed robbery conviction must be reversed because the evidence presented by the prosecutor was not sufficient to allow a reasonable jury to find guilt beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Norris, No. 202654 (Mich. Ct. App. June 25, 1999).

Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the application was rejected because it was not timely filed. *See* Affidavit of Corbin R. Davis, dated November 15, 2004.

On May 9, 2000, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims:

> I. Defendant-appellant's Sixth and Fourteenth Amendment rights to a fair trial were denied when devastating and completely unreliable hearsay were admitted.
>
> II. Defendant was denied the effective assistance of counsel by his attorney's failure to challenge the admissibility of the identification testimony of the only two witnesses who identified defendant as one of the assailants.
>
> III. Defendant Norris' conviction should be reversed and the matter remanded for a new preliminary examination because there was insufficient credible evidence produced at the preliminary examination to show probable cause to believe that a crime was committed and the defendant committed it, the corpus delicti rule was violated and the trial court erred in refusing to quash the information.
>
> IV. The defendant was denied effective assistance of trial counsel when trial counsel appeared at the motion hearing without the necessary files and although unprepared, argued the pending motion to quash from memory and by failing to request a rehearing which deprived the defendant of the effective assistance of counsel.
>
> V. The prosecutor violated the defendant's right to a fair trial under the Due Process Clause by presenting two patently inconsistent theories as to who the driver of the getaway car was.
>
> VI. Defendant-appellant's Sixth Amendment right to the effective assistance of counsel and Fourteenth Amendment due process right to a fair trial were violated when devastating and completely unreliable hearsay statements were admitted without objection; failed to come prepared to argue the pending motion to quash; counsel failed to challenge two unreliable identifications; counsel failed to object to the prosecution advancing two inconsistent theories as to who the getaway driver was; and the cumulative effect of the ineffective assistance of counsel claims.
>
> VII. Defendant-appellant Norris had ineffective assistance of appellate counsel.

The trial court denied the motion for relief from judgment. People v. Norris, No. 96-054564

(Genesee County Circuit Court July 16, 2002).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, presenting the same claims presented to the trial court. The Michigan Court of Appeals denied leave to appeal. People v. Norris, No. 249725 (Mich. Ct. App. Nov. 4, 2003). Petitioner next filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. People v. Norris, No. 125274 (Mich. Apr. 30, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I.  A series of actions and omissions by Petitioner's trial counsel violated Petitioner's Sixth Amendment right to the effective assistance of counsel.
>
> II. Petitioner is entitled to habeas relief because he was denied his right to the effective assistance of counsel on his direct appeal.
>
> III. Petitioner must be granted habeas corpus relief because the evidence was insufficient to allow a reasonable jury to find guilt beyond a reasonable doubt.
>
> IV. The Michigan state courts denied Petitioner due process by (A) assuming that the pepper spray device was capable of causing death or serious injury and (B) in failing to conduct a hearing with respect to the issue of ineffective assistance of trial and appellate counsel.

**II.**

Respondent has filed an answer to the petition, in which he argues that Petitioner failed to exhaust his state court remedies with respect to the following claims: (i) that his attorney was ineffective in failing to prepare for preliminary examination and hearing on the motion to quash, failing to seek an interlocutory appeal of alleged trial court error, and failing to object to the accomplice instruction; (ii) that he was denied effective assistance of appellate counsel; and (iii) insufficient evidence was presented to prove that he was the getaway driver or that pepper spray

constitutes a dangerous weapon. Respondent further argues that Petitioner has no remedies available in state court to exhaust his unexhausted claims because Michigan Court Rule 6.502(G) permits a defendant to file only one motion for relief from judgment, and Petitioner already has filed a motion for relief from judgment.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner admits that he has failed to exhaust his state court remedies. However, he contends that an avenue remains available for him to attempt to exhaust his unexhausted claims.

4

While Michigan Court Rule 6.502(G) generally permits a defendant to file only one motion for relief from judgment, it does allow for two exceptions to that rule. A defendant may file a second or subsequent motion for relief from judgment if such motion is based upon a retroactive change in the law or a claim of new evidence that was not discovered before the first motion was filed. *See* M.C.R. 6.502(G)(2). Petitioner argues that, because his unexhausted claims are based upon newly discovered evidence, the Michigan courts may permit him to file a subsequent motion for relief from judgment. This Court will not endeavor to predict whether the Michigan courts will allow Petitioner to file a subsequent motion for relief from judgment. Instead, Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide the impact, if any, of this newly discovered evidence on Petitioner's convictions.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. Griffin v. Rogers, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also* Palmer v. Carlton, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

Thus, the Court shall hold the petition in abeyance until Petitioner has exhausted available state court remedies. *See* Palmer, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he

must proceed. *See* id. Petitioner must present his claims in state court within sixty days from the date of this Order. *See* id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See* id.; Abela v. Martin, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, **IT IS ORDERED** that further proceedings in this case are held in abeyance pending exhaustion of state court remedies. The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty days of exhausting state court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

    s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Date: September 27, 2005